**BOARD OF EDUCATION OF THE DAYTON CITY SCHOOL DISTRICT, Appellant,**

v.

**DAYTON EDUCATION ASSOCIATION, Appellee.**

[Cite as *Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn.* (1992), 80 Ohio App.3d 758.]

Court of Appeals of Ohio,
Montgomery County.

No. 13768.

Decided Dec. 2, 1992.

*Janet K. Cooper*, for appellant.

*Peter J. Rakay*, for appellee.

*Per Curiam.*

This matter comes before the court upon a motion of defendant-appellee Dayton Education Association ("association") denominated as a motion for an order dissolving a stay of execution, pending appeal, of a judgment issued by the trial court. Actually, however, the relief requested by the association is somewhat different. The precise nature of the relief requested can be better understood after some of the underlying facts are recited.

Thomas E. Clements was the head basketball coach for the varsity boys at the Colonel White High School, a supplemental contract position. In April 1991, Clements was advised that his supplemental contract position would be vacated at the end of the 1991 school year.

Following an unsuccessful administrative appeal and grievance, this dispute was submitted to arbitration pursuant to the contract between the association and the Board of Education of the Dayton City School District ("board"). A hearing was held before an arbitrator on December 4, 1991. The arbitrator sustained the grievance and awarded both monetary relief with respect to the 1991–1992 season and the reinstatement of Clements as head basketball coach for the 1992–1993 season.

In May 1992, the board filed a motion in the Montgomery County Common Pleas Court to vacate the arbitrator's award. The association filed an application to confirm the award. The trial court denied the motion to vacate the award, and confirmed the award pursuant to the association's motion. However, the trial court stayed the execution of its judgment pending an appeal to this court.

Apparently, the pay involved for the head coach position is of much less importance to Clements than his ability to coach the team. For this reason, the association has moved for an order of this court requiring the board to reinstate Clements to his position as head coach for the 1992–1993 season, while holding in abeyance the issue of his entitlement to payment. In other words, Clements wishes to coach his team so much that he is willing to take a chance that he will not be paid for it if the board should ultimately prevail in this appeal.

The board opposes any order of this court that would disturb the stay of execution issued by the trial court. This matter was heard by the undersigned judges of this court on December 1, 1992.

■ The board relies on *State ex rel. Ocasek v. Riley* (1978), 54 Ohio St.2d 488, 8 O.O.3d 466, 377 N.E.2d 792, for the proposition that a trial court must grant a stay of execution of a judgment, pending appeal, to a governmental agency; in other words, the trial court has no discretion to deny a governmental agency's motion for a stay of execution of a judgment pending appeal. We agree that *State ex rel. Ocasek* stands for that proposition, relying upon Civ.R. 62(B) and (C). Accordingly, we agree that the trial judge in this case had no alternative but to grant the stay of execution, without a supersedeas bond.

■ The issue before us is whether this court, as an appellate court, has authority to enter the order requested by the association. The association relies upon Civ.R. 62(D) and App.R. 7(A) as authority for this court to grant the relief requested.

Civ.R. 62(D) provides as follows:

"The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

App.R. 7(A) provides, in pertinent part, as follows:

"Application for a stay of the judgment or order of a trial court pending appeal, or for the determination of the amount of and the approval of a supersedeas bond, must ordinarily be made in the first instance in the trial court. A motion for such relief or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal may be made to the court of appeals or to a judge thereof, but, except in cases of injunction pending appeal, the motion shall show that application to the trial court for the relief sought is not practicable, or that the trial court has, by journal entry, denied an application or failed to afford the relief which the applicant requested."

 The order requested by the association is essentially an affirmative injunction ordering the board to reinstate Clements to his position as head coach for the 1992–1993 season, while holding in abeyance the question of Clements' right to be paid for his services as head coach. We conclude that the power of an appellate court to issue such an injunction during the pendency of an appeal is recognized in App.R. 7(A), and is also recognized in Civ.R. 62(D) as superseding any provision or implication to the contrary in that rule.

If an appellate court had no authority to issue injunctive relief pending appeal in order to assure to an appellee the enjoyment of some part or all of the rights to which he has been held to be entitled by a trial court as part of its judgment, then no court would have the power to prevent manifest and extreme injustice where all or some part of those rights will otherwise be irrevocably lost to appellee, and the appellant has little or nothing to lose. We cannot believe that such a result is intended.

 During the pendency of proceedings in a trial court, a trial court may issue a preliminary injunction in order to protect the rights of a plaintiff during the pendency of proceedings in a trial court. With few exceptions, preliminary injunctions are not appealable. See *Internatl. Diamond Exchange Jewelers, Inc. v. U.S. Diamond & Gold Jewelers, Inc.* (1991), 70 Ohio App.3d 667, 591 N.E.2d 881. Therefore, in this case, the trial court could have entered a preliminary injunction ordering Clements reinstated to his position as head coach, during the pendency of proceedings in the trial court, and that preliminary injunction would not have been a final appealable order. It would

be illogical to conclude that Clements' right to immediate reinstatement to his position could be protected by the trial court before judgment, but cannot be protected by any court after a judgment has been rendered in his favor, recognizing and vindicating that right.

We conclude that this court has the power, pursuant to App.R. 7(A) and Civ.R. 62(D), to issue the order requested by the association. Furthermore, we conclude that the relative harm to the parties balances in favor of the association under the peculiar circumstances of this case. Accordingly, we find the association's motion to be well taken, and it is hereby granted.

The board is hereby ordered to reinstate Thomas E. Clements to his position as head coach for the Colonel White High School Varsity boys' basketball team during the 1992–1993 season. No bond shall be required to make this order effective. The reinstatement of Clements to his position as head coach shall be without prejudice to the issue of his entitlement to be paid for his services in that position. In other words, should the board ultimately prevail with respect to the issue of Clements' contractual entitlement to the head coach position, then Clements shall not be entitled to be paid for his services in that position during the 1992–1993 season, whether pursuant to the contract, theories of implied contract or quantum meruit, or otherwise. This result is reached pursuant to Clements' express undertaking to assume the risk that he may not be paid for his services if the board shall ultimately prevail in this appeal.

*Judgment accordingly.*

BROGAN, WOLFF and FAIN, JJ., concur.